# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MATTHEW ASH,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | _____ |
| **CREDIT ACCEPTANCE** ) | |
| **CORPORATION;** ) | |
| **AC AUTOPAY LLC;** ) | |
| **CONSOLIDATED ASSET** ) | |
| **RECOVERY SYSTEMS, INC.;** ) | |
| **ALLSTAR RECOVERY, LLC,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff Matthew Ash in the above-styled cause hereby files his Complaint against the Defendants as follows:

## PARTIES

1. The Plaintiff, Matthew Ash, is a resident and citizen of the state of Alabama, St. Clair County, and is over the age of twenty-one (21) years.

2. The Defendant, Credit Acceptance Corporation ("CAC"), is a foreign corporation and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in

Alabama.

3. The Defendant, AC AutoPay LLC ("AC AutoPay"), is a foreign corporation and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama.

4. The Defendant, Consolidated Asset Recovery Systems, Inc. ("CARS"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in St. Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a (6). Upon information and belief, the original debt was a consumer debt and incurred primarily for personal, family, or household purposes.

5. The Defendant, Allstar Recovery, LLC ("Allstar Recovery"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Shelby County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a (6). Upon information and belief, the original debt was a consumer debt and incurred primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, and § 1367. Venue is proper in that the Defendants transacted business here and the Plaintiff resides here.

## FACTUAL ALLEGATIONS
### Defendants' Business Model

7. Upon information and belief, Defendants CAC and AC AutoPay contract with Defendant CARS to recover consumer vehicles in which Defendants CAC and AC AutoPay claim a possessory interest.

8. Upon information and belief, this agreement states that Defendant CARS will provide services in the locating of the vehicle, the physical recovery of the vehicle, and the care of the vehicle post-recovery.

9. Defendants CAC and AC AutoPay pay Defendant CARS per recovery. This pay structure creates an incentive to recovery as many vehicles as possible.

10. Defendants CAC and AC AutoPay maintain control over the recovery process and maintain control over the vehicles taken.

11. In turn, Defendant CARS contracts with local recovery entities to assist in the services it agreed to do on behalf of Defendants CAC and AC AutoPay.

12. Upon information and belief, Defendant CARS pays the local recovery entity per recovery. This pay structure creates an incentive to recover as

many vehicles as possible.

13. Upon information and belief, Defendant CARS maintains control over the recovery process by requiring compliance from the local recovery entity with Defendant CAR's policies, procedures, insurance requirements, training, etc. and also maintains control over the vehicle.

## Facts Specific to this Case

14. Upon information and belief, Defendant CAC held a lien/security interest in the Vehicle with an unknown third-party.  The Vehicle is a 2018 Dodge Ram, VIN 1C6RR6KT0JS350443.

15. Upon information and belief, at some point prior to the incidents made the basis of this lawsuit, CAC contracted with AC AutoPay to service the account with the third-party or sold/transferred the account to AC AutoPay.

16. At some point prior to the events made the basis of this lawsuit, Murray's Garage Inc. ("Murray's Garage") in Leeds, Alabama lawfully obtained possession of the Vehicle and utilized Alabama's Abandoned Vehicle laws process to obtain clear title to the Vehicle in order to dispose of it.

17. Upon information and belief, Defendant CAC was listed as the proper lien-holder with National Motor Vehicle Title Information System (NMVTIS), the Abandoned Vehicle process was lawfully followed, and Murray's Garage obtained clear title to the Vehicle.

18. On or about October 19, 2022, Plaintiff purchased the Vehicle from Murray's Garage.

19. Plaintiff purchased the Vehicle with cash and did not finance the purchase.

20. Plaintiff was the lawful owner of the Vehicle, had lawful possession, had clean title, and the Vehicle was not encumbered with any liens or other security interests.

21. Since lien information is publicly available, Defendants knew or should have known no lien existed at this time. Or, in the alternative, Defendants had a duty to ascertain the lien status of the Vehicle before initiating the recovery process and/or repossessing it.

22. At some point after the sale of the Vehicle from Murray's Garage to Plaintiff, Defendants CAC and AC AutoPay contracted with Defendant CARS and Defendant Allstar Recovery to take possession of the Vehicle based on an alleged security interest with a previous owner using the business model described herein.

23. On February 14, 2023 at around 2:30 AM, Defendants took physical possession of the Vehicle from Plaintiff in St. Clair County, Alabama.

24. Plaintiff contacted the Police Department and reported the Vehicle as stolen

25. After an investigation, it was determined who took the Vehicle and the Plaintiff was able to reach Defendants and arrange for the release of the

Vehicle.

26. At some point, Plaintiff inspected the Vehicle and observed damage to the bumper of the Vehicle.

27. Plaintiff then regained possession of the Vehicle.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST ALL DEFENDANTS

28. The Defendants were under a duty to implement reasonable procedures in ensuring cars not encumbered by a valid security interest were not taken.

29. The Defendants were under a duty to not take Vehicles in which there was no valid security interest.

30. The Defendants were under a duty to not damage vehicles in their possession.

31. The Defendants breached these duties.

32. As a proximate cause of Defendants' negligence, the Vehicle suffered damage, Plaintiff was deprived of the Vehicle, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

33. These damages were or should have been foreseeable to the Defendants.

## COUNT TWO
## WANTONNESS CLAIM AGAINST ALL DEFENDANTS

34. Defendants, with reckless disregard of the natural or probable consequences of their actions, acted in a manner that resulted in the unlawful taking of the Vehicle and damage to the Vehicle.

35. Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff.

36. As a proximate cause of Defendants' wantonness, the Vehicle suffered damage, Plaintiff was deprived of the Vehicle, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT THREE
## CONVERSION CLAIM AGAINST ALL DEFENDANTS

37. The Plaintiff was the owner and/or in lawful control of the Vehicle.

38. The Defendants did not have a present and immediate right of possession of the Vehicle at the time of repossession.

39. Without the Plaintiff's consent, the Defendants intentionally deprived the Plaintiff of his rightful possession of the Vehicle.

40. At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

41. As a result of the Defendants conduct, the Vehicle suffered damage, Plaintiff was deprived of the Vehicle, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT FOUR
## FDCPA CLAIM AGAINST DEFENDANTS CARS AND ALLSTAR RECOVERY

42. The Defendants CARS and Allstar Recovery have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

43. Defendants took non-judicial action to effect dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f (6);

44. As a result of Defendants' conduct, the Vehicle suffered damage, Plaintiff was deprived of the Vehicle, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants as follows:

45. Compensatory and punitive damages against the Defendants;

46. Remedies available under the FDCPA against Defendants Allstar Recovery and CARS, including statutory damages, costs and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

47. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

/s/ *W. Whitney Seals*
W. WHITNEY SEALS
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

/s/ *John C. Hubbard*
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
T: (205) 410-6491
E: jch@jchubbardlaw.com

**PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL, RESTRICTED, RETURN RECEIPT REQUESTED AT THE FOLLOWING ADDRESSES**:

**Credit Acceptance Corporation**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104

**Consolidated Asset Recovery Systems, Inc.**
c/o Registered Agent
Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

**AC AutoPay, LLC**
c/o Registered Agent
Cogency Global, Inc.
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Allstar Recovery, LLC**
c/o Registered Agent
Capitol Corporate Services, Inc.
2 North Jackson Street, Ste. 605
Montgomery, AL 3610