FILED
2023 May-19 AM 11:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **MATTHEW ASH,**<br><br>**Plaintiff,**<br>**v.**<br><br>**CREDIT ACCEPTANCE CORPORATION; AC AUTOPAY LLC; CONSOLIDATED ASSET RECOVERY SYSTEMS, INC.; ALLSTAR RECOVERY, LLC,**<br><br>**Defendants.** | ) | **CIVIL ACTION NO.:**<br><br>**4:23-CV-00518-CLM** |

**DEFENDANT AC AUTOPAY LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant AC Autopay LLC ("AC Autopay"), by and through its undersigned counsel, specifically preserving all available defenses under Rule 12 of the Federal Rules of Civil Procedure, and hereby submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Matthew Ash (the "Plaintiff"), stating as follows:

**PARTIES**

1. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

2. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

3. AC Autopay admits that it is a limited liability company that does business in the State of Alabama and is registered to do so. AC Autopay denies the remaining allegations in this Paragraph and demands strict proof thereof.

4. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

5. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

## JURISDICTION AND VENUE

6. The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, AC Autopay admits that the Court has jurisdiction over this matter and that venue is proper.

## FACTUAL ALLEGATIONS
### Defendants' Business Model

7. AC Autopay admits that it has contracted with Defendant CARS to recover vehicles in which AC Autopay claims an interest. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the remaining

allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

8. AC Autopay admits that its contract with Defendant CARS provides that the latter will provide possible services related to locating vehicles to be recovered, recovering vehicles, and assisting with the sale of vehicles post-recovery. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the remaining allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

9. AC Autopay denies that it only pays CARS for recovered vehicles and therefore denies the allegations in this Paragraph and demands strict proof thereof.

10. AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

11. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

12. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

13. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

## Facts Specific to this Case

14. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

15. AC Autopay denies the allegations in this Paragraph as stated and demands strict proof thereof.

16. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

17. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

18. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

19. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

20. AC Autopay denies the allegations in this Paragraph as stated and demands strict proof thereof.

21. AC Autopay denies the allegations in this Paragraph as stated and demands strict proof thereof.

22. AC Autopay admits that it retained CARS to recover the vehicle. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the remaining allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

23. AC Autopay admits that the vehicle was repossessed on or about February 14, 2023. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the remaining allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

24. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

25. AC Autopay admits that the vehicle was released to Plaintiff. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the

allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

26. AC Autopay lacks sufficient knowledge or information at this time to admit or deny the allegations in this Paragraph and, therefore, denies the same and demands strict proof thereof.

27. AC Autopay admits that Plaintiff regained possession of the vehicle.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST ALL DEFENDANTS

28. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, AC Autopay denies the allegations in this Paragraph at this time and demands strict proof thereof.

29. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, AC Autopay denies the allegations in this Paragraph at this time and demands strict proof thereof.

30. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, AC Autopay denies the allegations in this Paragraph at this time and demands strict proof thereof.

31. AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

32. AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

33. AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

**COUNT TWO**
**WANTONNESS CLAIM AGAINST ALL DEFENDANTS**

34. AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

35. AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

36. AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

**COUNT THREE**
**CONVERSION CLAIM AGAINST ALL DEFENDANTS**

37. AC Autopay denies the allegations in this Paragraph at this time and demands strict proof thereof.

38. AC Autopay denies the allegations in this Paragraph at this time and demands strict proof thereof.

39. AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

40. AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

41. AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

**COUNT FOUR**
**FDCPA CLAIM AGAINST DEFENDANTS CARS AND ALLSTAR RECOVERY**

42. The allegations in this Paragraph are not directed at AC Autopay and therefore no response is required. To the extent a response is required, AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

43. The allegations in this Paragraph are not directed at AC Autopay and therefore no response is required. To the extent a response is required, AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

44. The allegations in this Paragraph are not directed at AC Autopay and therefore no response is required. To the extent a response is required, AC Autopay denies the allegations in this Paragraph and demands strict proof thereof.

**AMOUNT OF DAMAGES DEMANDED**

45. AC Autopay denies that Plaintiff is entitled to any relief whatsoever, including the relief outlined in this Paragraph, and demands strict proof thereof.

46. AC Autopay denies that Plaintiff is entitled to any relief whatsoever, including the relief outlined in this Paragraph, and demands strict proof thereof.

47. AC Autopay denies that Plaintiff is entitled to any relief whatsoever, including the relief outlined in this Paragraph, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent that Plaintiff has entered into an arbitration agreement that covers any of his claims against AC Autopay, AC Autopay reserves the right to compel arbitration and does not waive that right by filing this Answer.

### SECOND DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of release, waiver, unclean hands, and estoppel.

### FIFTH DEFENSE

AC Autopay did not breach any alleged duty owed to Plaintiff.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part due to his own negligence.

### SEVENTH DEFENSE

AC Autopay denies that it is guilty of any wrongdoing, either negligent, wanton, willful, or otherwise.

**EIGHTH DEFENSE**

Plaintiff's claims fail to the extent AC Autopay's lien on the vehicle was removed without notice to AC Autopay.

**NINTH DEFENSE**

Plaintiff's claims fail in whole or in part due to noncompliance with the applicable law governing the sale of abandoned motor vehicles.

**TENTH DEFENSE**

Plaintiff's claims fail to the extent AC Autopay's lien on the vehicle was removed due to fraud or any other wrongdoing of Plaintiff or any third party.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of accord and satisfaction, ratification, consent and acquiescence.

**TWELFTH DEFENSE**

AC Autopay asserts the defenses of good faith and lack of malice.

**THIRTEENTH DEFENSE**

AC Autopay's actions were privileged, justified and reasonable.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of judicial estoppel, collateral estoppel, and *res judicata*.

**FIFTEENTH DEFENSE**

AC Autopay's conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission and/or an advisory opinion of the Bureau of Consumer Financial Protection.

**SIXTEENTH DEFENSE**

The claims asserted by Plaintiff against AC Autopay are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata* and judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

**SEVENTEENTH DEFENSE**

Plaintiff's claims must fail to the extent that Plaintiff failed to mitigate damages, if any, and/or failed to act with reasonable diligence.

**EIGHTEENTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which AC Autopay denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of AC Autopay.

**NINETEENTH DEFENSE**

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which AC Autopay had no responsibility or control and for which AC Autopay may not be held liable.

**TWENTIETH DEFENSE**

AC Autopay pleads the defense of lack of causal relation between its conduct and the damages alleged.

**TWENTY-FIRST DEFENSE**

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective, and/or clear and consistent standard under applicable state law for ascertaining the amount thereof, such that any award of said damages against AC Autopay would violate the Fifth and Fourteenth Amendments to the United States Constitution and the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

**TWENTY-SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim for which punitive damages may be awarded.

**TWENTY-THIRD DEFENSE**

AC Autopay avers that an award of punitive damages in this case would serve no purpose for which punitive damages can be awarded in Alabama.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims for punitive damages against AC Autopay cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages or the amount of such damages.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims for punitive damages against AC Autopay cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate AC Autopay's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

**TWENTY-SIXTH DEFENSE**

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff's claims for punitive damages are further barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the United States Constitution or the Alabama Constitution.

**TWENTY-SEVENTH DEFENSE**

Punitive damages cannot be upheld to the extent they violate or contravene the holding of the U.S. Supreme Court in the cases of *BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

**RESERVATION OF DEFENSES**

AC Autopay reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

*s/ Matthew T. Mitchell*

Matthew T. Mitchell
(ASB-8674-W65M)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Email: mmitchell@burr.com

Attorney for Defendant
AC AUTOPAY LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served all counsel of record through the court's CM/ECF system on this the 19th day of May, 2023.

*s/ Matthew T. Mitchell*